**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL ACTION NO: 18-00420** |
| | * | |
| **$39,980.00, more or less, in U.S.** | * | |
| **Currency,** | * | |
| | * | |
| **Defendant.** | * | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW the United States of America, by and through Richard W. Moore, United States Attorney for the Southern District of Alabama, and brings this Verified Complaint for Forfeiture *in rem*, with the following allegations:

## NATURE OF THE ACTION

1.      This is a civil action for forfeiture brought against the above-referenced defendant $39,980.00, more or less, in U.S. Currency, pursuant to 21 U.S.C. § 881(a)(6), which subjects to civil forfeiture all money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture *in rem* pursuant to 28 U.S.C. § 1355(a).

3.      Venue is proper in this Court under 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred within the Southern District of Alabama, and also

- 1 -

pursuant to 28 U.S.C. § 1395(a), which provides that a forfeiture action may be prosecuted in the district where it accrues. The action accrued in this district.

### THE DEFENDANT *IN REM*

4.     The defendant *in rem* is $39,980.00, more or less, in U.S. Currency.

### SUPPORTING FACTS

5.     In January 2017, the DEA Mobile office began an investigation into cocaine supply sources in Selma.     The investigation identified Jon Terrell Gary as a possible supplier of cocaine in that area.     As part of that investigation, the U.S. District Court for the Southern District of Alabama approved a Title-III intercept of wire and electronic communications of Gary's telephone number, (xxx) xxx-7110.     Interception of communications to and from Gary's phone began in late June 2017.

6.     On or about July 8, 2017, Gary placed a recorded telephone call to R.M.[1], an individual who had been identified in the investigation as a criminal associate of Gary.     During the conversation, Gary asked R.M. if he was at the house (indicating R.M.'s apartment) and R.M. said he was.     Gary then told R.M. that he was getting ready to come by there and bring the money and vacuum sealer because Gary's sister was coming by there.     Later that day in another recorded conversation between the pair, Gary directed R.M. to bring both the money and the "counter" (apparently indicating a money counter) to Gary, and stated that he was going to give the counter to his sister so she could hold onto it as well.

7.     Between approximately 5:00 and 6:00 p.m. that day, an agent conducted surveillance of Gary's apartment and observed a dark-colored Kia Soul there, which was

---

[1] All individuals other than Gary will be identified by initials, instead of their names, in this Complaint.

occupied by Gary's sister, S.M., and Gary's girlfriend, E.S.   A vehicle registration query revealed that S.M. is the registered owner of a 2015 blue 4-door Kia Soul in Madison, Alabama.

8.      On July 26, 2017, SA James England with the DEA Huntsville office conducted a knock-and-talk at S.M.'s residence in Madison, Alabama.   S.M. consented to the agent's request to enter.   SA England confronted S.M. with the information derived from the above-referenced intercepted telephone calls and physical surveillance.   S.M. acknowledged possession of the money, and voluntarily gave it to agents, after she showed them where she had it.   The money, $39,980.00, was packaged in heat-sealed plastic, within multiple plastic shopping bags in a portable safe underneath S.M.'s bed.   After taking custody of the $39,980.00, the DEA subsequently transferred it electronically to the United States Marshal's Service, where it remains.

9.      Less than an hour after the DEA's seizure of the $39,980.00, Gary received a call from E.S.'s phone.   During the call, E.S. advised that "they" had been to his sister's and gotten "everything".   Gary then said that he was going to leave work.

10.     The same day, Gary called E.S. and told her that he was being followed.   Gary then drove erratically in an apparent effort to evade police surveillance and subsequently abandoned his vehicle near an address on Radburn Road in Montgomery, Alabama.   A search of the back yard where Gary had been observed on foot was searched.   The search yielded a sealed glass jar containing two (2) clear plastics bags of suspected cocaine (approximately two ounces) and four (4) small clear plastic Ziploc bags of marijuana.   The small clear plastic Ziploc bags bore green dollar sign logos, which matched some of the bags seized from Gary during a July 23 traffic stop of Gary and Sturdivant.   Later that day, Gary called D.L., previously identified in the investigation as a criminal associate of Gary.   Gary told D.L. that he (Gary) had managed to throw away the dope that he had in his possession at the time he was being followed.

- 3 -

11.     A short time later, DEA Montgomery agents, assisted by an agent from DEA Mobile, executed a search warrant for Gary's residence, Apartment #6, 601 Blakeley Court, Arium Homeplace Apartments, 790 Old Quarters Road, Prattville, Alabama.   The search yielded a heat sealer and a box of heat-sealing plastic rolls, as well as other paraphernalia, equipment and documents consistent with the packaging and distribution of controlled substances, including two clear plastic sandwich-sized bags, each bag contained several small clear plastic Ziploc bags.   The small Ziploc bags bore the Nike "swoosh" and green dollar sign logos.

12.     Based on the foregoing, a preponderance of the evidence supports that the defendant $39,980.00, more or less, in U.S. Currency is money furnished or intended to be furnished in exchange for a controlled substance, proceeds all traceable to such an exchange, and money used or intended to be used to facilitate violations of 21 U.S.C. § 846 or 21 U.S.C. § 841, and thus subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

**WHEREFORE**, the United States of America requests that the defendant funds be forfeited and condemned to the United States of America; that the United States be awarded its costs and disbursements in this action and that the United States be granted such further relief as this Court deems proper and just.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

By:   */s/ Daryl A. Atchison*
Daryl A. Atchison
Assistant United States Attorney
63 S. Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845
Facsimile: (251) 441-5051
E-mail: daryl.atchison@usdoj.gov

- 4 -

## **VERIFICATION**

I, David A. Drasutis, hereby declare and verify the following:

I am a Special Agent with the Drug Enforcement Administration (DEA).   I have been employed in that capacity for approximately twenty-one years.   I am presently assigned to the Mobile Resident Office, Mobile, Alabama.   I have undergone extensive training in connection with my employment for the investigation of money laundering, drug trafficking, drug smuggling, and other related offenses.   I have led, supervised and participated in several complex investigations concerning importation, manufacture, trafficking and distribution of controlled substances.   Through my training and experience, I have become familiar with the manner and means that drug traffickers use to conceal their illegal drug money from detection by law enforcement, including by vacuum sealing it.

I am familiar with the aspects of this investigation as described in the Supporting Facts section above.   The statements contained therein are based upon my knowledge and information provided by other law enforcement officers involved in this investigation. The Supporting Facts section of this Complaint does not contain all the facts that I have learned during the course of the investigation of Jon Gary and others.

I have read the foregoing Supporting Facts section of this Verified Complaint *in rem*, and know the contents thereof.   Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the Supporting Facts section and this verification are true and correct to the best of my knowledge, information, and belief.

David A. Drasutis, Special Agent
Drug Enforcement Administration

5

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

$39,980.00, more or less, in U.S. Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Daryl Atchison (atchd2222)
U.S. Attorney's Office, Southern District of Alabama
63 S. Royal Street, Suite 600, Mobile, Alabama 36602 (251-441-5845)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 USC 881(a)(6)

Brief description of cause:
Complaint for Forfeiture In Rem

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____

DOCKET NUMBER _____

DATE
09/27/2018

SIGNATURE OF ATTORNEY OF RECORD
/S/ Daryl A. Atchison

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____